IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**BRETT LORENZO FAVRE**                                                                                      **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO.:** __2:23-cv-42-KS-MTP__

**SHANNON SHARPE**                                                                                      **DEFENDANT**

## NOTICE OF REMOVAL

**COMES NOW** Defendant Shannon Sharpe ("Defendant" or "Sharpe"), through counsel and without waiving any objections to venue or any other defenses (including Rule 12 defenses), and files his Notice of Removal of this action from the Circuit Court of Lamar County, Mississippi. In support, Defendant states as follows:

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

2. This case is removable under 28 U.S.C. §§ 1332, 1441, and 1446.  Removal to this Court is proper because it is part of the "district and division" embracing the place where the state court action is pending.  *See* 28 U.S.C. § 1441(a).

## NATURE OF THIS LAWSUIT

3. Plaintiff Brett Lorenzo Favre ("Plaintiff" or "Favre") filed this lawsuit in state court on February 9, 2023.  *See* Complaint, Exhibit A.  The Affidavit of Service filed in the record states that service took place on February 18, 2023.  *See* Affidavit of Service, Exhibit B.  The only causes of action alleged are for defamation and defamation per se arising out of statements allegedly made by Sharpe on his sports and entertainment television program on September 14, 2022.  *See* Complaint, Exhibit A at ¶¶ 1, 5, 18.

## DIVERSITY JURISDICTION EXISTS

4. Under 28 U.S.C. § 1441, any case brought in state court may be removed to the corresponding federal district court, so long as the district court has original jurisdiction. This Court has original jurisdiction under 28 U.S.C. § 1332, which provides that such jurisdiction exists when there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

## THE PARTIES ARE COMPLETELY DIVERSE

5. Plaintiff's Complaint concedes that Plaintiff is a Mississippi resident. *See* Complaint, Exhibit A at ¶ 8. Plaintiff alleges no alternative place of residency and has significant ties to Mississippi. He is therefore a citizen of Mississippi for purposes of diversity jurisdiction. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) (noting that for the purposes of diversity jurisdiction, "citizenship has the same meaning as domicile" which requires "residence in a particular state with the intention of remaining").

6. Plaintiff's Complaint alleges that Defendant is an individual domiciled in the State of Georgia. *See* Complaint, Exhibit A at ¶ 9. While Defendant has a home in Georgia, Defendant actually resides in California. *See Stine*, 213 F.2d at 448.

## THE AMOUNT IN CONTROVERSY IS SATISFIED

7. The amount in controversy is also satisfied by the allegations in the Complaint and/or outside facts.

8. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Ankerson v. Amerian Zurich Ins. Co.*, 2015 WL 420301 at *2 (S.D. Miss. Feb. 2, 2015).

9. When, as here, the complaint is silent as to the amount of damages sought, the amount in controversy requirement is satisfied if (1) it is apparent on the face of the complaint that the amount in controversy likely exceeds the jurisdictional minimum or (2) additional facts in controversy are presented that support a finding of the requisite amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995); *Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704, 709-10 (S.D. Miss. 2004).

10. The Fifth Circuit holds that where a plaintiff fails to plead a specific amount of damages, the application of "common sense" can nevertheless make it "facially apparent" that the plaintiff seeks more than the jurisdictional requirement. *Allen,* 63 F.3d at 1336. Such is the case here.

11. In the Complaint, Plaintiff seeks an unspecified amount of "[n]ominal, general, actual/special, exemplary, and punitive damages" as well as costs of litigation, including reasonable legal and consulting fees, and other costs.

12. Plaintiff's claim for punitive damages alone satisfies the amount in controversy requirement as "federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Sun Life Assurance Co. of Can. (U.S.) v. Fairley*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007) (citations omitted); *see also Frye v. American Gen'l Fin., Inc.,* 307 F. Supp. 2d 836, 840 n.2 (S.D. Miss. 2004); *Montgomery v. First Family Fin. Servs., Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002).

13. The jurisdictional amount is further buttressed by the Complaint's demand for damages arising from the financial harm allegedly caused by Defendant, purportedly "diminishing Favre's ability to generate income through endorsements, appearances at events or on radio and television programs, or hosting his own radio or television program." *See* Complaint, Exhibit A at ¶ 21. According to the Complaint, Favre's endorsements have included deals with major

companies such as Wrangler and CopperFit. Complaint, Exhibit A ¶ 14. Favre's media appearances have included hosting his own radio show on SiriusXM, titled "The SiriusXM Blitz with Brett Favre and Bruce Murray," and making "paid appearances at autograph signing and speaking events." Complaint, Exhibit A ¶ 14. Under the Fifth Circuit's "common sense" approach, Plaintiff's status as a Hall of Fame and former Super Bowl winning quarterback in the NFL makes the value of such endorsements, appearances, or hosting opportunities in excess of the amount in controversy required for removal.

14. In addition, the amount in controversy would include Plaintiff's demand for legal fees in the jurisdictional amount. The Fifth Circuit has held that attorneys' fees may be included in the computation of the amount in controversy. *Foret v. Southern Farm Bureau Life Insurance Company*, 918 F.2d 534, 537 (5th Cir. 1990).

15. Given the totality of these alleged damages, "common sense" dictates that the jurisdictional amount is met. *Allen*, 63 F.3d at 1336.

16. Additional facts outside of the complaint further demonstrate that the amount in controversy exceeds the jurisdictional minimum of $75,000.

17. Plaintiff has filed a nearly identical lawsuit in the Circuit Court of Lamar County, Mississippi against another sports talk show host, Pat McAfee, for his public comments regarding Plaintiff's involvements in the welfare fraud scandal. Complaint, *Favre v. McAfee*, No. 37CI1:23-cv-00032-CM (Lamar Cnty Cir. Ct. Feb. 9, 2023). As here, Plaintiff has claimed that McAfee's comments injured his reputation and diminished his ability to generate income through endorsements with major companies, appearances, and his own radio show.

18. Plaintiff's counsel has recently stated during an interview that this factually similar case against McAfee is worth "millions" of dollars and could "bankrupt" McAfee. *See* Jason Whitlock, *'Fearless' Exclusive: Brett Favre's Attorney Explains Shannon Sharpe & Pat McAfee*

*Lawsuits| Ep 379*, YOUTUBE (Feb. 14, 2023), https://www.youtube.com/watch?app=desktop&v=KBSn81xo2hg (stating 33 minutes into the "well I guarantee you the jury in Mississippi will make certain he learns how to apologize. It's going to cost McAfee millions of dollars and if it bankrupts him then he will have learned his lesson"). Thus, it is a clear that Plaintiff and his attorneys believe that Plaintiff has sustained damages well in excess of the jurisdictional minimum.

19. Because the parties are diverse, and because the amount in controversy exceeds $75,000.00 exclusive of interest and costs, diversity jurisdiction exists.

**PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

20. This notice of removal is timely because it is being filed within 30 days of the date of service shown on the return of service. *See* Ex. B; 28 U.S.C. § 1446.

21. Defendant has attached a certified copy of the state court record as Exhibit C, as required by Local Rule 5. Contemporaneous with the filing of this notice, Defendant will file a copy of the notice with the Lamar County Circuit Clerk in accordance with 28 U.S.C. § 1446.

**CONCLUSION**

22. For all these reasons, Defendant requests that this Court proceed with the handling of this case as if it had been originally filed here and that further proceedings in Lamar County Circuit Court be terminated.

Dated: March 20, 2023.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY: */s D. Michael Hurst, Jr.*

        D. Michael Hurst, Jr., MB No. 99990
        James W. Shelson, MB No. 9693
        Mark Fijman, MB No. 99153
        4270 I-55 North
        Jackson, Mississippi 39211-6391
        Post Office Box 16114
        Jackson, Mississippi  39236-6114
        Telephone: 601-352-2300
        Telecopier: 601-360-9777
        Email: mike.hurst@phelps.com
                jim.shelson@phelps.com
                mark.fijman@phelps.com

**ATTORNEYS FOR DEFENDANT**
**SHANNON SHARPE**

## CERTIFICATE OF SERVICE

I, D. MICHAEL HURST, JR., do hereby certify that I have this date filed the foregoing *NOTICE OF REMOVAL* with the Clerk of the Court, and I hereby certify that I have mailed, through the United States Postal Service, postage prepaid, a true and correct copy of the above and foregoing to the following counsel of record:

Jennifer McDougall
Daniel Benson
Daniel Koevary
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
(212) 506-3345
JMcDougall@Kasowitz.com
DBenson@Kasowitz.com
DKoevary@Kasowitz.com

Bob Sullivan
Sullivan & Thompson, P.L.L.C.
P. O. Box 45
Laurel, MS 39440
(601) 428-1505
bob@sst-lawoffice.com

Eric Herschmann
210 Lavaca Street
Unit 3009
Austin, TX 78701
(917)751-4730
edhnotice@gmail.com

Michael J. Shemper
Michael J. Shemper, PLLC
140 Mayfair Road, Suite 1200
Hattiesburg, MS 39402
(601) 545-7787
michael@shemperlaw.com

***ATTORNEYS FOR PLAINTIFF***

Honorable Claiborne McDonald, IV
P.O. Box 590
Poplarville, MS 39470

*LAMAR COUNTY CIRCUIT COURT
JUDGE*

Martin Hankins
P.O. Box 369
Purvis, MS 39475

*LAMAR COUNTY CIRCUIT CLERK*

SO CERTIFIED, this the 20th day of March, 2023.

/s D. Michael Hurst, Jr.
**D. MICHAEL HURST, JR.**

PD.41483162.2